■ JAY L. FIERST, Appellant, v. MESECK STEAMBOAT CO., INC., Respondent. — Order, entered June 9, 1959, denying plaintiff's motion to set aside the verdict and vacate the judgment, and order entered August 25, 1959, denying plaintiff's motion to vacate the aforesaid order, unanimously affirmed, on the law, on the facts and in the exercise of discretion, with $50 costs and disbursements to respondent. Upon the unsatisfactory affidavits submitted by plaintiff in support of his motion for a new trial, which were strongly controverted by the affidavits submitted by defendant, Special Term very properly ordered a hearing. Plaintiff was unable to produce his affiants, although afforded an adjournment and ample opportunity to do so. In making its original decision, Special Term stated it had relied upon the statements procured by the District Attorney, but made no mention of reliance upon the so-called report of the Assistant District Attorney. Wholly apart from any consideration of the District Attorney's statements, however, the denial of the relief sought was warranted, since plaintiff failed to make a showing sufficient to justify the radical relief of setting aside the jury's verdict. Concur — Botein, P. J., Breitel, Rabin, Valente and Eager, JJ.

■ CORHILL CORPORATION, Respondent, v. S. D. PLANTS, INC., Appellant.— Appeal from order, entered March 30, 1960, insofar as it denies motion to dismiss the complaint, unanimously dismissed as moot. Order, entered June 3, 1960, insofar as it denies the motion to dismiss the amended complaint under subdivision 6 of rule 107 of the Rules of Civil Practice, unanimously reversed, on the law, with $20 costs and disbursements to appellant, and the motion granted, with $10 costs, and judgment directed in favor of defendant dismissing the amended complaint, with costs. The contract provided that the making and acceptance of final payment should constitute " a waiver * * * of all claims by the Subcontractor, except those previously made and still unsettled." It is undisputed that on or about January 15, 1960, plaintiff sent defendant two invoices, one marked " Final Payment ", and that on or about January 23, 1960, payment was made and accepted in the aggregate amount of the invoices. No facts are stated in the opposing affidavits on either motion which tend to show that at the time of final payment unsettled claims existed which had been made by plaintiff prior thereto. Nor are there any evidentiary averments relating any prior negotiations to the legal claims expressed in the amended complaint. The letter dated December 13, 1957, is a plea for relief from the contract, not an assertion of claims under the contract. Accordingly, there is no factual issue requiring a trial. Concur — Botein, P. J., Breitel, Rabin, Valente and Eager, JJ. [23 Misc 2d 349.] [See *post*, p. 986.]

■ PAMELA C. ILOTT, Respondent, v. GEORGE DEIBERT, Appellant.— Determination of the Appellate Term and the order and judgment of the City Court, so far as appealed from, unanimously reversed, on the law, with costs to the appellant in this court and in the Appellate Term, and plaintiff's motion for summary judgment denied, with $10 costs, on the authority of *Garcia* v. *Deibert* (10 A D 2d 349). Concur — Rabin, J. P., McNally, Stevens and Eager, JJ.

■ MADELEINE METKE, an Infant, by Her Guardian ad Litem, STEPHANIE METKE, et al., v. ST. MICHAEL'S HOME et al., Appellants.— Judgment in favor of plaintiff-respondent mother unanimously reversed, on the law and on the facts, without costs, the mother's action severed, and a new trial ordered of such action unless plaintiff-respondent stipulates to reduce the verdict to the sum of $10,000, in which event the judgment, as so modified, is affirmed, without costs. On the record, the verdict in the sum of $20,000 in favor of the mother is excessive. Judgment in favor of the infant plaintiff unanimously affirmed, with costs to plaintiff-respondent infant. Settle order on notice. Concur — Rabin, J. P., Valente, McNally, Stevens and Eager, JJ.